REGAN, Judge.
Plaintiff, William Stepter, instituted this suit against the defendant, T. Smith & Son., Inc., his self-insured compensation insurer, endeavoring to recover maximum workmen’s compensation benefits for permanently disabling injuries to his back, incurred while working as a longshoreman in the hold of a vessel docked in the Mississippi River in the City of New Orleans on March 27, 1957. Plaintiff further prayed for statutory penalties and attorney’s fees.
Defendant pleaded the exceptions of prescription, judicial estoppel and lack of jurisdiction ratione materiae, asserting in support of the exception to the jurisdiction of the court that plaintiff’s exclusive remedy was provided by the federal Longshoremen’s and Harbor Workers’ Act, 33 U.S. C.A. § 901 et seq.
From a judgment maintaining defendant’s exception to the jurisdiction ratione materiae and dismissing plaintiff’s suit, he has prosecuted this appeal.
This case was consolidated with a similar suit arising out of a similar accident, i. e., a longshoreman incurred disabling injuries in the course of his work of unloading cargo from the hold of a ship. The suit referred to is entitled Ellis v. Travelers Insurance Company et al., La.App., 123 So.2d 780. In the Ellis case, the Civil District Court overruled an exception to the jurisdiction of the court ratione materiae, and expressed the opinion that an amphibious worker could elect to pursue either a federal or state compensation remedy, and awarded plaintiff a judgment for compensation at the rate of $35 per week for a period not to exceed 400 weeks.
For the reasons emanating from this court in the case of Ellis v. Travelers Insurance Company et al. the judgment appealed from maintaining the defendant’s exception to the jurisdiction of the court ratione materiae is affirmed.
Affirmed.